Opinion delivered June 29, 1888.

---

## No. 6165.

### Upton Eads v. The State.

1. Theft—Continuance—New Trial.—This conviction for theft rests solely upon the defendant's unexplained recent possession of the stolen property. An application for continuance (which was refused) was based upon the absence of two witnesses by whom the defendant alleged his ability to prove that he took possession of the property, claiming it to be property he had purchased from one E. *Held*, that the absent proof was material under the circumstances of this case, and that having refused the continuance, the trial court should have awarded the defendant a new trial.

2. Same—Jury Law—Explanation of Possession of Stolen Property.—The truth or falsity of the defendant's explanation of his posses-sion of recently stolen property is a question for the determination of the jury.

Appeal from the District Court of Johnson. Tried below before the Hon. J. M. Hall.

The conviction in this case was for the theft of one head of cattle, the property of Riley Fields, in Johnson county, Texas,

on the twentieth day of April, 1888. The penalty assessed against the appellant was a term of two years in the penitentiary.

Riley Fields was the first witness for the State. He testified that he lived in the northeast portion of Johnson county, about two and a half miles from the Ellis county line, and about five miles from the Tarrant county line. He had lived in that neighborhood for thirty years, during which period he had followed the occupation of a cattle raiser. His brand was RF on the left hip, and his mark a smooth crop and swallow fork in the left ear, and an underbit in the right ear. About April 15, 1888, the witness lost a certain red roan cow. She was a bob tailed animal, about nine years old, and had lost her left eye. That animal, which had been raised by witness, and which was in his mark and brand, was taken from his pasture in Johnson county without his knowledge or consent. Witness had known the defendant for many years, and had often seen the defendant riding through his said pasture. He was not able to affirm that the defendant knew his, the witness's, mark and brand. Witness missed his said cow from the said pasture, which was about one hundred and sixty acres in extent, between the fifteenth and twentieth of April, 1888. He went at once to Fort Worth in search of her. Failing to find her, he returned to Johnson county, and went to the butcher pens of B. F. Walcott, near Alvarado, where he found her hide, which he fully iden ified by the color, tail, ears and brand. Witness knew all of the old settlers in Johnson county, and was well acquainted in the section of the county in which he lived. He had never known a man named Henry Estick.

B. F. Walcott was the next witness for the State. He testified that he was a butcher by trade, and plied his avocation in the town of Alvarado, Johnson county, Texas. Between ten and eleven o'clock, on the morning of April 17, 1888, the defendant, whom the witness was well acquainted with, brought to the witness's slaughter pen, and sold to him, a certain red roan cow, branded RF on the left hip, marked with a smooth crop and swallow fork in the left ear and an underbit in the right ear, blind in the left eye and bob tailed. Witness butchered the said cow and hung the hide on his pen fence. A few days later, Riley Fields came to witness's pen and claimed the hide. Defendant did not tell witness where he got the cow when he sold her to witness, nor did witness ask him. Witness

was well acquainted in Johnson county. He had never known a man named Henry Estick.

J. B. Bradley testified, for the State, that he had lived about five miles below the house of Riley Fields for thirty years, and was well acquainted throughout Johnson county. He had never known a man named Henry Estick. The witness had known the defendant for many years. Defendant was raised near Cross Timbers, in Johnson county.

The remaining five or six witnesses, all of them for the State, testified substantially as did the witness Bradley. One of them, the witness Rae, testified in addition that he lived one and a half miles from Riley Fields's place, and was well acquainted with his stock; that defendant came to his (witness's) place about the middle of February, for the advertised purpose of standing a horse and a jack, which however he did not do, and left about the middle of March; that he often saw defendant riding through Fields's pasture, but was unable to say whether or not he knew Fields's mark and brand.

The motion for continuance alleged the absence of Henry Estick, a resident of Tarrant county, and Ben Shook and Mrs. Fannie Good, residents of Johnson county; that the defendant could prove by the first of said absent witnesses that he, the said absent Estick, sold the animal described in the indictment to the defendant, and was paid therefor by the defendant; and that by the absent witnesses Shook and Good, the defendant would prove that when he took possession of the animal, he did so openly by virtue of his said purchase from said Estick, and so claimed and asserted.

*Crane & Ramsay,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, and *O. T. Plummer,* County Attorney of Johnson county, for the State.

WILLSON, JUDGE. As to the absent witnesses Shook and Good, defendant's application for a continuance was in all respects sufficient. It states that the defendant expected to prove by said two witnesses that, when he took possession of the alleged stolen cow, he claimed her as a cow that he had purchased from one Estick. This testimony is material. The only inculpatory evidence introduced by the State on the trial is the circumstance of the unexplained recent possession by the

defendant of the alleged stolen property. The testimony of said two absent witnesses explains his possession of the animal, and it was very important for him to have such explanation before the jury. That he made such explanation to said witnesses is probably true; at least there is nothing in the evidence adduced on the trial to the contrary, and the application as to said two witnesses was not controverted by the State. Whether or not said explanation was true was a question exclusively for the jury to determine from the evidence in the case. Viewing said absent testimony with reference to the evidence adduced on the trial, we think the court erred in overruling the defendant's motion for a new trial, and for this error the judgment will be reversed and the cause remanded.

Several other questions deserving of notice are presented in the record, and have been argued by counsel for the defendant, but the case having been submitted at the close of the term, we have not sufficient time to investigate and determine them. Furthermore, on another trial, all of said questions may be avoided and eliminated from the case.

The judgment is reversed and the cause is remanded for another trial.

*Reversed and remanded.*